### THEOPHILUS F. CLARK v. ISAAC W. BROWN.

It is no valid objection to the caption of a deposition, that the time of the session of the court when it is to be used, is no otherwise stated than as the court next to be holden, &c.

A deposition, *exparte*, need not be filed thirty days before the session of the court next after it is taken, when a term of the court intervenes between the time of the taking and using of the same.

TROVER, for a horse. Plea, the general issue, and notice of special matter.

The plaintiff in support of the issue, on his part, and to prove his title to the horse, offered the deposition of Jedediah S. Clark, which was objected to, because the time of holding the court when the cause was to be tried was not stated in the caption of the deposition, it being therein stated to have been taken " to be used in a cause to be heard and tried before the honorable county court, next to be holden," &c.; and because a term of the court intervened between the taking and filing of the same in the office of the clerk ; said deposition having been taken without notice to the adverse party. The objections were overruled by the court, and the deposition admitted ; to which decision, after verdict and judgment for the plaintiff, the defendant excepted.

*J. L. Buck*, for defendant.

- The only question presented in this case is, whether the deposition of Jedediah S. Clark was properly admitted. It will be seen, by reference to the deposition, that it was taken on the 25th day of September, 1841, to be used in the next term of the county court, without stating when that term was to be holden, and was filed March 12, 1842.

1. It is insisted that the deposition was improperly admitted, because it was not taken agreeably to the statute. In chap. 31, § 7, R. S. p. 204, it is provided that the justice, taking a deposition, " shall certify such deposition in the *form*

*prescribed* by law. " The form prescribed requires that the *time* and place of session of the court, at which a deposition is to be used, shall be inserted in the caption. R. S. p. 497.

2. Where a deposition is taken to be used at one term of the court, and is not filed with the clerk until after that term, it cannot be used at a subsequent term, for the reason that there would be no certainty that the deposition was taken to be used in the cause on trial. There should be a strict compliance with the statute, especially when a deposition is taken *exparte*, for in that case the opposite party has no opportunity of cross examination. *Burroughs* v. *Booth*, 1 D. Chip. 106. A *strict* and literal compliance with the statute is necessary, in order to make a deposition evidence. *Pingry* v. *Washburn*, 1 Aik. 264, 268. The caption of a deposition, taken by the plaintiff, must state the names of all the defendants. *Swift* v. *Cobb, et al.* 10 Vt. R. 282.

*O. H. Smith,* for plaintiff.

The deposition was taken the 5th day of September, 1841, and in the caption it is stated that it was taken "to be used in a cause to be heard and tried before the Hon. county court, *next* to be holden at Montpelier, " &c.

We contend that this is a sufficient designation of the time of the session of the court. It has often been decided in this state that a substantial compliance with the requirements of the statute, in taking depositions is sufficient. The terms for holding the sessions of the county court are fixed by law, and the deposition in question was taken to be used at the next succeeding term of said court. In the case of *Smith* v. *Wood*, 3 Vt. R. 485, the court decided that an *exparte* deposition, filed with the clerk *less* than 30 days before court, but remaining there through the term, and till the succeeding term of the court, may then be read. In the case of *Nye* v. *Spalding, et al.* 11 Vt. R. 501, the court decided that the omission of the deponent's name in the caption and superscription, is not a valid objection to a deposition ; and in the case of *Houghton* v. *Slack*, 10 Vt. R. 520, that the omission of the deponent's residence, in the caption, constitutes no objection. If the name and residence appear in the body of the deposition, that is considered sufficient. See also *Dupy*, v. *Wickwire*, 1 D. Chip. R. 237.

WASHINGTON, *March,* 1843.

Keith *v.* Day.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — The only question presented by the bill of exceptions is, whether the county court erred in admitting the deposition of Jedediah S. Clark, which appears to have contained material testimony.

The deposition appears to have been taken for the reasons, and in the manner, provided by the statute. And there is no essential departure, if any, from the form given. In the form prescribed by the statute, the style of the court, and the time and place of session, are to be inserted. The style of the court is here inserted, i. e. " the county court." The place of session is inserted, " Montpelier ;" and the time of session, which is determined by a public statute, is described with sufficient accuracy by saying *next* to be holden, &c. A departure from the literal form of the caption, as given by the statute, has not, heretofore, been considered as a fatal objection to its being read in evidence, when the substance of the form has been observed. The cases referred to, establish this proposition.

The statute requires that the deposition should be filed thirty days previous to the session of the court in which it is offered in evidence. We can see no sufficient reason for requiring, nor does the statute require, that the deposition should be filed thirty days before the session of the court next after it was taken. Indeed the case of *Smith* v. *Wood*, 3 Vt. 485, appears to be decisive of the question. For neither of the reasons, should the county court have rejected the deposition.          The judgment is affirmed.